IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

YOLANDA VIOLA ANGELA VIGIER,

          Plaintiff,

  v.                                   Civil Action No.
                                        5:16-MC-0022 (GTS/DEP)

NORMAN EDWIN SWANSON,

          Defendant.

---

APPEARANCES:

FOR PLAINTIFF:

YOLANDA VIOLA ANGELA VIGIER, *Pro Se*
Beeselseweg 32
Reuver, 5953 Gh
Netherlands

FOR DEFENDANT:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    This miscellaneous proceeding was commenced by *pro se* plaintiff

Yolanda Viola Angela Vigier on April 27, 2016, with the filing of a request

that the court register an order issued by a court in the Netherlands

against defendant Norman Edwin Swanson, plaintiff's former husband, awarding plaintiff alimony following the parties' divorce. In addition to requesting the registration of the Dutch order as a judgment of this court, plaintiff has requested the court issue a writ of execution to aid in enforcement of the judgment.

The clerk of the court has forwarded the pending applications to me for review. For the reasons set forth below, I recommend the action be dismissed without prejudice to plaintiff's right to refile the matter as a separate plenary action requesting enforcement of the foreign order pursuant to New York State law.

I. <u>DISCUSSION</u>

In commencing this proceeding, plaintiff has filed a number of documents, including a certified copy of an order issued by a court in the Netherlands awarding her alimony against defendant Swanson. Dkt. No. 1 at 1-2. According to that order, which is dated June 6, 2007, the parties were married in 1997 in both Canada and the United States. *Id.* at 1. The parties apparently divorced in 2000, in accordance with a decree issued by the Ontario Superior Court of Justice, Family Court. *Id.* at 2. Plaintiff is a dual citizen of both the Netherlands and Canada, while defendant is a United States citizen residing in Manlius, New York. *Id.* The Dutch court

issuing the alimony order directed that defendant "will pay [plaintiff] in the amount EUR 40,000 per month[.]" *Id.*

Accompanying the official copies of the foreign court orders related to her award of alimony is a cover letter from plaintiff that, in pertinent part, states as follows:

> The intent of the following document made under
> The International Private Law is to be considered as
> the same as certification-registration of a final
> judgement t[o] be registered in another court, i.e[.]
> the Northern District of new York, United States of
> America.

Dkt. No. 1-5 at 1. Presumably, this request is made pursuant to 28 U.S.C. § 1963, which provides as follows:

> A judgment in an action for the recovery of money
> or property entered in any court of appeals, district
> court, bankruptcy court, or in the Court of
> International Trade may be registered by filing a
> certified copy of the judgment in any other district
> or, with respect to the Court of International Trade,
> in any judicial district, when the judgment has
> become final by appeal or expiration of the time for
> appeal or when ordered by the court that entered
> the judgment for good cause shown. Such a
> judgment entered in favor of the United States may
> be so registered any time after judgment is entered.
> A judgment so registered shall have the same effect
> as a judgment of the district court of the district
> where registered and may be enforced in like
> manner.

> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

28 U.S.C. § 1963. Because section 1963 does not provide an avenue for registering a judgment rendered by a Dutch court, and this court is unaware of any comparable method for doing so under federal law, I recommend that plaintiff's request for registration of the judgment be denied.

I also recommend that the pending motion for a writ of execution be denied. Hypothetically, had the Netherlands order at issue constituted a final judgment originating from a court listed in section 1963, once it was properly registered in this district, plaintiff would then have been permitted to request a writ of execution pursuant to 28 U.S.C. § 3203 and Rule 69 of the Federal Rules of Civil Procedure. As was noted above, however, plaintiff seeks to file an order rendered by a Dutch court as a judgment of this court, and, therefore, plaintiff's request for a writ of execution to enforce that order is premature because the order she seeks to enforce has not yet been recognized by, or registered as a judgment in, a United States court.

In sum, I recommend that plaintiff's motion for a writ of execution be denied, and this action be dismissed without prejudice. If plaintiff wishes to pursue the matter further, it appears she may do so by filing a separate plenary action seeking enforcement of the Dutch order under New York law pursuant to the Uniform Foreign Country Money-Judgments Recognition Act ("UFCM-JRA"), N.Y. C.P.L.R. § 5301, *et seq.*, provided that the Dutch order qualifies for enforcement under the UFCM-JRA. Such action may be brought in a New York court of competent jurisdiction. If plaintiff wishes to file an action for enforcement under the UFCM-JRA in a federal court, including in this district, she will be required to establish a basis for the court's subject matter jurisdiction[1] and pay the requisite filing fee or file an application to proceed in the matter *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.[2] At this time, the court renders no opinion with respect to the merits of any action plaintiff may file or whether it may withstand a properly filed motion to dismiss.

---

[1] It appears from plaintiff's submissions that she may be able to invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[2] The language of section 1915 is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

## II. SUMMARY AND RECOMMENDATION

The court has reviewed plaintiff's request to register a foreign court order and accompanying application for a writ of execution. The request to register the Dutch order is improper because it is not a judgment rendered by a court listed in 28 U.S.C. § 1963. Without a registered judgment in this or another court of competent jurisdiction, the court has no authority to grant plaintiff's motion for a writ of execution. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's request to register a foreign judgment and application for a writ of execution, Dkt. Nos. 1, 2, be DENIED; and it is further

RECOMMENDED that this proceeding be dismissed in its entirety without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   May 12, 2016
         Syracuse, New York

David E. Peebles
U.S. Magistrate Judge