UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YOLANDA VIOLA ANGELA VIGIER,

                    Plaintiff,

v.                                                  5:16-MC-0022
                                                    (GTS/DEP)

NORMAN EDWIN SWANSON,

                    Defendant.
_____

APPEARANCES:

YOLANDA VIOLA ANGELA VIGIER
Plaintiff, *Pro Se*
Beeselseweg 32
Reuver 5953 Gh
Netherlands

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* action by Yolanda Viola Angela Vigier ("Plaintiff") against Norman Edwin Swanson ("Defendant") requesting the registration of a foreign judgment, are (1) Plaintiff's application for a writ of execution and (2) United States Magistrate David E. Peebles' Report-Recommendation recommending that Plaintiff's application for a writ of execution be denied and that this action be dismissed without prejudice. (Dkt. No. 3.) Despite having received an extension of the deadline by which file an Objection to the Report-Recommendation, Plaintiff has not done so, and the deadline has expired. (*See generally* Docket Sheet.)[1] After carefully reviewing the relevant filings in this action, including

---

[1] While Plaintiff filed a letter requesting the recognition of a Final Foreign Court Order within the deadline for an Objection, the letter contains no specific objection to the Report-Recommendation (i.e., identifying with particularity the portion or portions of the

Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear error in that Report-Recommendation.[2] Magistrate Judge Peebles has employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 3.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 3) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Application for a Writ of Execution (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Request for the Registration of a Foreign Judgment (Dkt. No. 1) is **DISMISSED** in its entirety **without prejudice**.

Dated: July 18, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge

---

Report-Recommendation to which Plaintiff has an objection and the basis for the objection). (Dkt. No. 6.) Instead, the letter appears to acknowledge the correctness of the Report-Recommendation by attempting to convert this action into the action referenced on page 4 of the Report-Recommendation. (*Compare* Dkt. No. 6 *with* Dkt. No. 3, at 5.) However, Plaintiff's attempt must fail for the reasons stated on page 4 of the Report-Recommendation.

[2] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).